Daniel, J.
delivered the opinion of the Court.
The third special plea tendered by the plaintiff in error, whilst it professes in its commencement to be a plea to the whole action, answers only as to the slaves in the declaration mentioned, and is wholly silent as to the damages for detention, and as to the costs of the action against Hunt. On the death of Hunt the defendant in error had a right to demand of his administrator not only the slaves but also the damages for their detention and the costs incurred in prosecuting the original action against Hunt in his lifetime. A plea therefore averring the delivery of the slaves to the defendant in error, and the acceptance of them by him, was no answer to so much of the scire facias as claimed the damages and costs aforesaid. The Court is of opinion that the said plea was therefore defective, and that the Circuit court did not err in refusing to receive it.
The first and second special pleas do not profess in terms to answer the whole action, and might perhaps have been properly received by the Court as pleas to so much of the scire facias as demanded the slaves therein mentioned. The error (if any) however in refusing to receive said pleas was cured by the release of his recovery as to the slaves and their values, subsequently made by the defendant in error; and there is now no injury arising from the refusal of the Court to receive said pleas, of which the plaintiff in error can complain.
*581 The objection taken here in argument for the first time by the counsel of the plaintiff in error, that there is no scire facias nor declaration alleging that the slaves in controversy have since the death of Hunt, come into the possession of his administrator cannot avail him. From an inspection of the certificate of the clerk of the Circuit court which has been read by the agreement and consent of the counsel, it appears that the scire facias which issued on the 11th March 1846, is no longer on file in his office. In the absence of the said scire facias, the record being silent as to any objection having been taken to it in the Circuit court, it must be presumed by this Court that the said scire facias was in all respects regular, and that it suggested, as it ought to have done, the coming of the slaves into the possession of the administrator since the death of the testator, in which case there was no need of any such allegation by a formal declaration.
The Court is however of opinion that the Circuit court erred in rendering a personal judgment against the plaintiff in error for the damages for the detention of the slaves and the costs, instead of rendering a judgment for said damages and costs against the plaintiff in error as administrator, to be levied of the goods &c. of the testator in his hands to be administered. The said judgment is therefore reversed with costs &c., and this Court proceeding to render such judgment as ought to have been rendered ; and it appearing that the defendant in error has released to the plaintiff in error the slaves together with their respective values, it is adjudged &c. that the said defendant in error recover against the said plaintiff in error 1500 dollars, the damages aforesaid, and the costs in the Court below, to be levied of the goods &c. of the testator in his hands to be administered.
*584 J